# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2022-CP-00273-COA

**TIVEN T. SINGH A/K/A TIVEN TYRONE SINGH**                                    **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                    **APPELLEE**

DATE OF JUDGMENT:               12/16/2021
TRIAL JUDGE:                    HON. ROBERT P. KREBS
COURT FROM WHICH APPEALED:      JACKSON COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:         TIVEN T. SINGH (PRO SE)
ATTORNEY FOR APPELLEE:          OFFICE OF THE ATTORNEY GENERAL
                                BY: BARBARA WAKELAND BYRD
NATURE OF THE CASE:             CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                    AFFIRMED - 03/14/2023
MOTION FOR REHEARING FILED:

### BEFORE CARLTON, P.J., WESTBROOKS AND McCARTY, JJ.

### McCARTY, J., FOR THE COURT:

¶1.     A man pled guilty to robbery, and his sentence included a period of post-release supervision.  He stopped reporting, so a warrant was issued for his arrest.  After he was picked up, his post-release supervision was revoked, and the remainder of his sentence was reinstated.  He now appeals, arguing procedural errors occurred in his revocation.  Since he absconded from supervision, we affirm.

## BACKGROUND

¶2.     In 2014, Tiven Singh pled guilty to one count of robbery.  The trial court sentenced him to a term of fifteen years with three years to serve and the remainder on post-release supervision.

¶3.   But Singh did not follow the terms of his PRS.  On March 29, 2016, the trial court issued a warrant for Singh's arrest based on allegations that he "failed to report to MDOC since August 2015," did not "pay MDOC as directed," and "failed to start making payments 60 days from [his] release[]."  According to Singh, he was only arrested and detained over a year later, on October 5, 2017.

¶4.   On November 16, 2017, the trial court held a revocation hearing.  At no time during the hearing did Singh refute the State's allegations that he had failed to report or follow the other directives of his PRS terms.  In fact, he admitted to them.  The trial court then ordered his PRS revoked and that he serve the remaining twelve years of his sentence in MDOC's custody.

¶5.   Singh then filed a petition for post-conviction relief. He argued his revocation hearing was untimely held because he was detained for more than thirty days.  He also argued the trial court exceeded its authority by imposing the full unserved portion of his sentence.

¶6.   The circuit court denied Singh's petition, finding the PCR petition was untimely filed. The circuit court also held that state law allows a court to impose any or all of a sentence when a person on PRS absconds from supervision for six months or more.  Singh then appealed, and the case was assigned to us for decision.

## DISCUSSION

### The circuit court properly denied Singh's PCR petition.

¶7.   Singh argues his PCR petition was erroneously denied.  Specifically, he argues the trial court violated his due process rights by failing to hold a timely revocation hearing and

2

by imposing the full amount of his suspended sentence.

¶8. But Singh is not the first appellant to raise this exact issue before our Court. In one case, a man pled guilty to robbery. *Dortch v. State*, 338 So. 3d 155, 156 (¶1) (Miss. Ct. App. 2022). He was sentenced to "serve eight years in the custody of the Mississippi Department of Corrections followed by seven years of post-release supervision—five years reporting and two years non-reporting." *Id*. As a result of his failure to report, an arrest warrant was issued. *Id*. He was arrested on August 5, 2020. *Id*. at (¶2). On August 18, the trial court held a revocation hearing. *Id*. During the hearing, he never refuted the State's allegations. *Id*. The judge then ordered that his PRS be revoked and that he spend five years in MDOC custody. *Id*. Dortch then appealed, arguing that the court improperly revoked his PRS because of the length of time between the issuance of his arrest warrant and his revocation hearing, which was held after the thirty-day period, and there was no good cause shown for the delay. *Id*. at (¶8).

¶9. We ultimately concluded the trial court had discretion to revoke Dortch's probation despite the thirty-day time limit under state law. *Id*. at 158 (¶9). In making this ruling, this Court relied on Mississippi Code Annotated section 47-7-37.1 (Rev. 2015), which declares "if a court finds by a preponderance of the evidence, that a probationer or a person under post-release supervision has committed a felony or absconded, the court may revoke his probation and impose any or all of the sentence." *Id*. The law defined what constituted absconding: "[A]bsconding from supervision means the failure of a probationer to report to his supervising officer for six (6) or more consecutive months." *Id*.

3

¶10. While Dortch's revocation hearing was held more than thirty days after the issuance of his arrest warrant, our Court found that the fact he had absconded constituted good cause for any delay. *Id*. Quoting section 47-7-37.1, we held that "[n]otwithstanding any other provision of law to the contrary," when a court concludes "a probationer or a person under post-release supervision" has absconded, "the court may revoke his probation and impose any or all of the sentence." *Id*. at (¶9).

¶11. It is undisputed that Singh absconded and utterly failed to report pursuant to the PRS terms or satisfy the other PRS conditions. Indeed, he admitted so during his revocation hearing. As clearly stated under section 47-7-37.1, this gave the trial court discretion to revoke Singh's PRS and impose "any or all" of his remaining sentence.[1] While Singh takes issue with his revocation hearing being held more than thirty days after his detainment, the reality is that by absconding, he shed the procedural safeguards of those statutory timelines.

¶12. Finding no error in the revocation, the circuit court's order denying his PCR petition is affirmed.

¶13. **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, SMITH AND EMFINGER, JJ., CONCUR.**

---

[1] While the circuit court ruled Singh's PCR claims were time-barred, the State correctly points out "under the UPCCRA, claims of unlawful probation or PRS revocation are excepted from the three-year statute of limitations and are not subject to the time bar." And "it is clear that a trial court judgment may be affirmed on grounds other than those relied upon by the trial court." *Askew v. Askew*, 699 So. 2d 515, 519 n.3 (Miss. 1997).